STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-636


INTERSTATE BATTERY SYSTEMS OF AMERICA, INC.

VERSUS

CHARLES BRYANT KOUNTZ, ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20054193
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**

**Paul D. Gibson**
**W. Corey Grimley**
**Gibson, Gruenert & Zaunbrecher, P.L.L.C.**
**P. O. Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**Counsel for Plaintiff/Appellant:**
**Interstate Battery Systems ofAmerica, Inc.**

**John Haas Weinstein**
**Thomas Edward St. Germain**
**Attorney at Law**
**1414 N.E. Evangeline Thruway**
**Lafayette, LA 70501**
**(337) 235-4001**
**Counsel for Defendant/Appellee:**
**Allied Discount Tire & Brake, Inc.**

**Michael P. Maraist**
**Jacques Emil deMoss**
**Maraist Law Firm, APLC**
**600 Jefferson St., Suite 810**
**Lafayette, LA 70501**
**(337) 266-2230**
**Counsel for Defendant/Appellee:**
**Charles Bryant Kountz**
**Vicki Kountz Waihi**
**Kenneth Sillavan**

**PICKETT, Judge.**

The plaintiff appeals the trial court's grant of the defendants' exceptions of prescription. For the following reasons, we reverse in part, affirm in part, and remand.

## FACTS

On August 1, 2001, Interstate Battery Systems of America, Inc. (IBSA) entered into a contract (the Supply Agreement) with Performance Management, Inc. (PMI), a Louisiana corporation, pursuant to which IBSA would provide battery testers and lead acid batteries to Winston Tire Company at certain locations in California. PMI defaulted under the terms of the Supply Agreement, and on June 19, 2002, IBSA obtained a judgment against it in California. Thereafter, PMI filed a bankruptcy action and never satisfied IBSA's judgment.

In August 2005, IBSA filed suit against Charles Bryant Kountz, Vicki Darlene Kountz, Carroll Kountz, and Kenneth Sillavan, asserting that the defendants were the alter ego of PMI. It sought to pierce the corporate veil of PMI and hold the defendants personally liable for PMI's debt. In May 2010, IBSA amended its Petition for Damages to add the following defendants: PMI, Allied Discount Tire & Brake, Inc., Allied Development, Inc., and Craig Hill, in his capacity as the representative and administrator of the Succession of Carroll Kountz.[1]

All the defendants excepted to IBSA's claims, urging the claims were prescribed on the face of the Petition and/or failed to state a cause of action and/or right of action. IBSA thereafter filed a Motion to Compel Discovery. After a hearing, the trial court concluded IBSA's claims were prescribed and granted judgment, dismissing its claims against Charles Bryant Kountz, Vicki Darlene

---

[1] Craig Hill was substituted for Carroll Kountz who died after suit was filed.

Kountz, Carroll Kountz, Kenneth Sillavan, Allied Discount Tire & Brake, Inc., and Allied Development, Inc. The remaining peremptory exceptions and the Motion to Compel were dismissed as moot. The judgment was designated a final judgment as provided in La.Code Civ.P. art. 1915(B). IBSA appeals.

## ASSIGNMENTS OF ERROR

IBSA assigns two errors with the trial court's judgment:

1. The trial court erred in sustaining the defendants' Exception of Prescription with regard to its contractual claims that all the defendants are liable with PMI for the debts associated with its breach of contract claims.

2. The trial court erred in sustaining the defendants' Exceptions of Prescription with regard to its tort claims.

## STANDARD OF REVIEW

When reviewing a peremptory exception of prescription, appellate courts must determine whether the trial court's findings of fact were manifestly erroneous. *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105 (La. 3/15/11), 62 So.3d 721. Prescription statutes are strictly construed against prescription and in favor of maintaining the obligation. *Id.* The mover must prove prescription, unless the petition is prescribed on its face. *Id.* In that case, the burden of proof is on the plaintiff to show the prescriptive period was suspended or interrupted. *Id.*

## DISCUSSION

### *Prescription of IBSA's Breach of Contract Claims*

IBSA asserts that after obtaining its judgment against PMI it obtained information indicating the defendants made misrepresentations or fraudulent representations to induce it to enter the Supply Agreement. Pointing to the Supply Agreement, it urges that the defendants' actions warrant the application of the alter ego doctrine, which provides for piercing the corporate veil to hold individuals, shareholders, and/or associated corporate entities liable for the debts of a

2

corporation. IBSA further argues that the defendants' actions render them parties to the Supply Agreement; therefore, the applicable prescriptive period is ten years as provided in La.Civ. Code art. 3499; not one year as argued by the defendants.

In *Glazer v. Commission on Ethics for Public Employees*, 431 So.2d 752, 754 (La.1983), the supreme court discussed corporations being separate and independent of their incorporators and/or shareholders, explaining:

> Separate corporate identity is a privilege conferred by law to further important underlying policies, such as the promotion of commerce and industrial growth. Consequently, the privilege may not be asserted for a purpose which does not further these objectives in order to override other significant public interests which the state seeks to protect through legislation or regulation.

In *Amoco Production Co. v. Texaco, Inc.*, 02-240 (La.App. 3 Cir. 1/29/03), 838 So.2d 821, *writs denied*, 03-1102, 03-1104 (La. 6/6/03), 845 So.2d 1096, this court discussed two exceptions to the general rule that shareholders are not responsible for corporate debt. "The first is where the shareholders acting through the corporation commit fraud or deceit on the third party," such that justice demands the corporate veil be pierced to allow the third party to recover from the shareholders personally. *Id.* at 833. In the second instance, the "shareholders disregard the corporate formalities to such an extent that the shareholders and the corporation become indistinguishable, or 'alter egos.'" *Id.* (citing *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164 (1991)). *See also Indest-Guidry, Ltd. v. Key Office Equip., Inc.*, 08-599 (La.App. 3 Cir. 11/5/08), 997 So.2d 796, *writ denied*, 08-2851 (La. 2/6/09), 999 So.2d 782. A third exception, known as the single business entity exception, has also been recognized by Louisiana courts. *Dishon v. Ponthie*, 05-659 (La.App. 3 Cir. 12/30/05), 918 So.2d 1132, *writ denied*, 06-599 (La. 5/5/06), 927 So.2d 317. This exception is applicable "when a corporation is found to be the 'alter ego, agent, tool or instrumentality of another corporation.'"

*Id.* at 1135 (quoting *Green v. Champion Ins. Co.*, 577 So.2d 249, 257 (La.App. 1 Cir.), *writ denied*, 580 So.2 668 (La.1991)).

In its Petition and First Amending and Supplemental Petition, IBSA alleged that the individual defendants "provided false information"; made "fraudulent representations"; "employed . . . [PMI] as their alter ego" and described actions they contend "dictate[] a piercing of the corporate veil," which rendered the defendants "directly and personally liable" to it for PMI's financial obligations. IBSA further alleged that one or both of the corporate defendants and PMI are a single business entity under Louisiana law. We find these allegations sufficiently satisfy IBSA's burden of showing its claims for breach of contract are not prescribed on the face of its petitions.

The defendants, Allied Discount Tire & Brake, Inc., Allied Development, Inc., and Craig Hill, argue the ten-year prescriptive period for contracts does not apply here because only PMI was a party to the Supply Agreement. Without privity, they claim the ten-year prescriptive period is inapplicable to them. This argument ignores that "[t]he officers and directors of a corporation owe a fiduciary duty not only to the corporate entity, but to the corporation's creditors and, thus, are under a certain obligation to see that creditors are paid." *Lopez v. TDI Servs., Inc.*, 93-619 (La.App. 3 Cir. 2/2/94), 631 So.2d 679, 688, *writ denied*, 94-864 (La. 6/3/94), 637 So.2d 501. Where fraud has been employed by shareholders, officers, and/or agents of a corporation to induce another to contract with the corporation and harmed the other contracting party, acceptance of this argument would result in injustice being perpetrated on the other contracting party and public interests in general, as this is the very reason the doctrines discussed herein have been recognized and applied. Accordingly, the trial court's dismissal of IBSA's claims for breach of contract against Charles Bryant Kountz, Vicki Darlene Kountz,

4

Carroll Kountz, Kenneth Sillavan, PMI, Allied Discount Tire & Brake, Inc., Allied Development, Inc., and Craig Hill, in his capacity as the representative and administrator of the Succession of Carroll Kountz, is reversed.

### *Prescription of IBSA's Tort Claims*

IBSA asserts PMI's breach of the Supply Agreement is a continuing tort and, therefore, has not prescribed. In *Hogg v. Chevron USA, Inc.*, 09-2632, 09-2635, p. 21 (La. 7/6/10), 45 So.3d 991, 1005, the supreme court reviewed the history of the continuing-tort doctrine, explaining that cases addressing the doctrine:

> [L]ooked to the alleged injury-producing conduct of the tortfeasors to determine whether that conduct was perpetuated through overt, persistent, and ongoing acts. Where the wrongful conduct was completed, but the plaintiff continued to experience injury in the absence of any further activity by the tortfeasor, no continuing tort was found.

IBSA's claims fall within the latter category of torts. PMI breached its contract with IBSA by not paying for battery testers and inventory and not continuing to order inventory as contemplated by the Supply Agreement. Such a breach is passive. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287. PMI's breach was not "perpetrated by overt, persistent, and ongoing acts" required by *Hogg* and other jurisprudence Accordingly, the trial court did not err in dismissing IBSA's tort claims.

### DISPOSITION

The judgment of the trial court dismissing all IBSA's claims against Charles Bryant Kountz, Vicki Darlene Kountz, Carroll Kountz, Kenneth Sillavan, PMI, Allied Discount Tire & Brake, Inc., Allied Development, Inc., and Craig Hill, in his capacity as the representative and administrator of the Succession of Carroll

Kountz, is reversed in part and affirmed in part. Costs of this appeal are assessed to the defendants.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**