# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-30429

Lyle W. Cayce
Clerk

MCKNIGHT MCGEE; RUFUS MCGEE; GLADYS MCGEE,

                              Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY CO.,

                              Defendant - Appellee

--------------------------------------------------------------------------------

Cons w/ 12-30501

OTIS SARTIN; CYNTHIA M. SARTIN,

                              Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY,

                              Defendant - Appellee

_____

Cons w/ 12-30502

CATHERINE WILLIAMS,

                              Plaintiff - Appellant

v.

STATE FARM FIRE & CASUALTY COMPANY,

                              Defendant - Appellee

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

_____

Cons w/ 12-30616

LEAH JOURDAIN; JOSEPH JOURDAIN,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

_____

Cons w/ 12-30621

MORRIS JORDAN; TERRI JORDAN,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellee

_____

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

Cons w/ 12-30622

TRAVELLA MCINTOSH,

Plaintiff - Appellant

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

_____

Cons w/ 12-30624

ALVIN JACKSON; TEENER JACKSON,

Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

———————————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1686

———————————

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

PER CURIAM:[*]

In these seven consolidated cases, McKnight McGee and other property owners in Orleans Parish ("Appellants") appeal the FED. R. CIV. P. 12(c) dismissals of their claims seeking damages caused by Hurricane Katrina. Because Appellants' claims are untimely, we affirm.

I.

On September 3, 2010, Appellants filed a mass joinder suit seeking payments from their homeowner insurer, State Farm Fire & Casualty Company ("State Farm"), for wind damage caused by Hurricane Katrina. The district court granted State Farm's motion to sever the mass joinder and ordered Appellants' counsel to file individual amended complaints no later than July 19, 2011. Appellants filed their individual complaints on July 15, 2011, each identical to the mass joinder complaint. State Farm moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), noting that the prescriptive period for filing Hurricane Katrina claims had expired more than three years earlier on September 1, 2007. After concluding that Appellants had not met their burden of pleading facts establishing suspension of prescription under Louisiana law, the district court dismissed the claims with prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

II.

We review a district court's order granting a Rule 12(c) motion for judgment on the pleadings de novo, using the same standards applied to a Rule 12(b)(6) motion to dismiss. Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).

Under Louisiana law, all claims filed against an insurer related to losses from Hurricane Katrina had to be filed by September 1, 2007. 2006 La. Acts 802. Appellants filed suit on September 7, 2010, more than three years after the prescriptive deadline. Appellants' claims are facially prescribed, and Appellants bear the burden of proving suspension of the prescriptive period. Taranto v. La. Citizens Prop. Ins. Corp., 62 So. 3d 721, 726 (La. 2011).[1]

Appellants assert suspension under Louisiana Code of Civil Procedure Art. 596, which provides that "prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." La. Code Civ. P. art. 596 (2012). This suspension lasts until, inter alia, there is notice that the court declined to certify the class. Id. To receive the benefit of suspension of prescription provided in Article 596, "an individual filing an independent suit must establish three predicate facts: (1) the

---

[1] Contrary to Appellants' assertions, whether prescription was suspended is a question of law, not fact. Newby v. Enron Corp., 542 F.3d 463, 468 (5th Cir. 2008).

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

existence of a timely filed class action proceeding against the defendant; (2) that he or she is a member of the class described or defined in the identified class petition; and (3) that the claims asserted in the independent action arise 'out of the transactions or occurrences described' in that petition." Quinn v. La. Citizens Prop. Ins. Corp., No. 2012-CC-0152, 2012 WL 5374255, at *8 (La. Nov. 2, 2012).

In their complaints, Appellants listed the following federal class action petitions that allegedly suspended prescription pursuant to Article 596: (1) Connie Abadie et al. v. Aegis Security Ins. Co. et al., No. 06-5164 (E.D. La. filed Aug. 29, 2006) ("Abadie I"); (2) Susan Abadie et al. v. Aegis Security Ins. Co. et al., No. 07-5112 (E.D. La. filed Aug. 28, 2007) ("Abadie II"); (3) In re: Katrina Canal Breaches Consol. Litigation, No. 05-4182 (E.D. La. filed Mar. 15, 2007) ("Master Complaint"); and (4) Louisiana State et al. v. AAA Ins. et al., No. 07-5528 (E.D. La. filed Sept. 11, 2007) ("Road Home"). The district court concluded that none of these class action petitions met the requirements to suspend prescription under Article 596 because (1) State Farm was not a defendant in Abadie II; (2) Appellants' claims were unrelated to the claims in Abadie I and the Master Complaint;[2] and (3) Appellants were neither class members of nor had claims related to the class action in Road Home.

---

[2] The district court noted that Abadie I and the Master Complaint involved attempts to recover for flood damage, whereas the present claims seek payments for wind damage.

6

No. 12-30429
cons. w/ No. 12-30501
No. 12-30502
No. 12-30616
No. 12-30621
No. 12-30622
No. 12-30624

On appeal, Appellants only assert all three of Article 596's predicate facts in regard to the Master Complaint.[3] Appellants contend that prescription is still suspended because there has been no notice that class certification was denied by the U.S. District Court for the Eastern District of Louisiana in 2009, even though federal rules do not allow for the publication of notice after a denial of class certification. Recently, however, the Louisiana Supreme Court held that "the suspension of prescription provided [under Article 596] applies only to 'petition[s] brought on behalf of a class' in the state courts of Louisiana." Quinn, 2012 WL 5374255, at *15 (footnote omitted). As a federal class action petition, the Master Complaint cannot suspend prescription under Article 596 as a matter of law. Therefore, the district court correctly held that Appellants' claims are untimely.

The judgment of the district court is AFFIRMED.

---

[3] Appellants concede that State Farm was not a defendant in Abadie II, fail to assert membership in the Road Home class, and only cite Abadie I in the context of providing the procedural history of the Master Complaint. Failure to adequately brief an issue on appeal constitutes waiver of that argument. United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).