# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 15-753


**ERA HELICOPTERS, LLC**

**VERSUS**

**DANIEL AMEGIN**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-280
HONORABLE RONALD F. WARE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT
JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery,
Judges.


**REVERSED AND REMANDED.**


**Timothy O'Dowd**
**Attorney at Law**
**921 Ryan St., Suite D**
**Lake Charles, LA 70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Daniel Amegin**

**Russell J. Stutes, Jr.**
**Shelley B. Bouillion**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **ERA Helicopters, LLC**

**PICKETT, Judge.**

Employer appeals the trial court's dismissal of its suit against a former employee pursuant to the employee's exception of no cause of action. For the following reasons, we reverse and remand to the trial court for further proceedings.

## FACTS

ERA Helicopters, L.L.C. filed this suit against its former employee, Daniel Amegin, to collect $80,000 it paid for Mr. Amegin to receive AW139 helicopter training during his employment with ERA. Mr. Amegin received the training pursuant to a Pilot Training Agreement executed by him and ERA on September 4, 2013. Mr. Amegin acknowledged in the Pilot Training Agreement that he was a full-time pilot with ERA when he executed it. There is no indication that the AW139 helicopter training was a requirement of his continued employment with ERA. Approximately six months after completing the training, Mr. Amegin resigned his employment with ERA.

Under the terms of the Pilot Training Agreement, Mr. Amegin agreed to reimburse ERA the $80,000 it expended on his AW139 training if he left its employment within two years of completing the training. Mr. Amegin refused ERA's demands for repayment of the $80,000, and ERA filed suit.

Mr. Amegin filed an exception of no right of action, asserting that the Pilot Training Agreement violates the provisions of La.R.S. 23:921. The trial court granted the exception and dismissed ERA's suit. ERA appealed.

## DISCUSSION

In *Scheffler v. Adams and Reese, LLP,* 06–1774, pp. 4–5 (La. 2/22/07), 950 So.2d 641, 646-47 (case citations omitted), the supreme court reviewed the exception of no cause of action, explaining:

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. LSA–C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action.

The party who filed the exception disputing the existence of a cause of action bears the burden of demonstrating that a petition fails to state a cause of action. *Id.*

Appellate courts review the trial court's ruling on an exception of no cause of action de novo "[b]ecause the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition." *Scheffler,* 950 So.2d at 647. Ultimately, the court must determine "whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Id.*

The premise of Mr. Amegin's exception is that La.R.S 23:921(A)(1) prohibits the Pilot Training Agreement provision that he repay ERA the $80,000 it expended for his AW139 helicopter training. Hence, it is based on an affirmative defense. In such cases, the exception of no cause of action must be overruled "unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based." *Haskins v. Clary,* 346 So.2d 193, 195 (La.1977).

2

Louisiana Revised Statues 23:921(A)(1) states, in pertinent part: "Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section shall be null and void." Mr. Amegin argues that the Pilot Training Agreement's requirement that he repay ERA $80,000 for his AW139 helicopter training, if he left ERA's employment within two years of his completion of the training, created a financial burden for him that had the effect of "restrain[ing] him from exercising a lawful profession, trade, or business of any kind." We do not agree. The Pilot Training Agreement does not restrain Mr. Amegin in any way from seeking other employment as a helicopter pilot or in any other capacity in the helicopter industry or in any other profession, business, or trade. Indeed, it is likely that the AW139 helicopter training expanded Mr. Amegin's opportunities for more lucrative employment as a helicopter pilot.

Mr. Amegin likens this case to earlier cases in which employment agreements required the payment of liquidated damages. The agreements in those cases required the employees to pay their employers liquidated damages if the employees entered into the same field of business as the former employers within a period of two years. Those agreements were held to violate the provisions of La.R.S. 23:921.[1] *See, e.g., McCray v. Cole*, 259 La. 646, 251 So.2d 161 (1971). Mr. Amegin argues that the courts' determinations in those cases that the liquidated damages provision restrained the employees' competition with their former employers apply here.

---

[1] Mr. Amegin also cites cases decided by courts in Alabama and California that were based on statutes similar to La.R.S. 23:921. *See Walker Reg'l Med. Ctr., Inc. v. McDonald*, 775 So.2d 169 (Ala. 2000); *Chamberlain v. Augustine,* 172 Cal. 285, 150 P. 479 (1916).

In *McCray v. Cole*, 259 La. at 655, 251 So.2d at 164, the supreme court determined: "'Liquidated damages' is a term which our courts have held to be synonymous with the penal clause defined in Civil Code article 2117." The supreme court determined that because "the principal obligation supporting the penal clause [was] the agreement not to engage in the practice of psychology in Lafayette Parish for two years, a business which would compete with that of his employer, R.S. 23:921 render[ed] the agreement null and unenforceable." *McCray*, 259 La. at 656, 251 So.2d at 164.

The substance of then Article 2011 is now found in Article 2005 of the Civil Code, which provides, in pertinent part: "Parties may stipulate the damages to be recovered in case of nonperformance . . . That stipulation gives rise to a secondary obligation for the purpose of enforcing the principal one." The Pilot Training Agreement provides for ERA's recoupment of the $80,000 it expended on Mr. Amegin's AW139 training, either through his employment for two years or by reimbursement of the $80,000 if he decided to terminate his employment. If Mr. Amegin remained employed with ERA for one year after he completed the AW139 training, the $80,000 would have been reduced to $40,000. ERA's recoupment of its $80,000 is the primary obligation of the Pilot Training Agreement. It is not a secondary obligation imposed to enforce a principal obligation of not competing with ERA.

ERA wants to recoup its $80,000 investment, and it does not care whether that recoupment is through Mr. Amegin's employment with it as a helicopter pilot or not. Therefore, the Pilot Training Agreement's provision for repayment of the $80,000 is not a penal clause that restrained Mr. Amegin from "exercising a lawful profession, trade, or business of any kind," as prohibited by La.R.S. 23:921(A)(1).

4

Mr. Amegin failed to carry his burden of proving that ERA's petition does not state a cause of action.

## DISPOSITION

For the reasons discussed herein, the trial court's judgment granting the exception of no cause of action and dismissing ERA's petition is reversed, and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**