STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**17-352**


GBB PROPERTIES TWO, LLC, ET AL.

VERSUS

STIRLING PROPERTIES, INC., ET AL.


**16-1063**

GBB PROPERTIES TWO, LLC, ET AL.

VERSUS

STIRLING PROPERTIES, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPLICATION FOR SUPERVISORY WRIT OF CERTIORARI
AND ON APPEAL
FROM THE FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162400
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.


**REVERSED.**

**Brent B. Barriere**
**Fishman Haygood, L.L.P.**
**201 St. Charles Avenue, 46th Floor**
**New Orleans, LA 70170-4600**
**(504) 586-5252**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Stirling Properties, LLC**
    **Ambassador Town Center JV, LLC**
    **Four Magnolias, LLC**
    **Ambassador Infrastructure, LLC**

**Rickey W. Miniex**
**Clyde R. Simien**
**Katrena A. Porter**
**Simien & Miniex, APLC**
**104 Rue Iberville**
**Lafayette, LA 70508**
**(337) 269-0222**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Stirling Properties, LLC**
    **Ambassador Town Center JV, LLC**
    **Four Magnolias, LLC**
    **Ambassador Infrastructure, LLC**

**Patrick S. McGoey**
**Schonekas, Evans, McGoey & McEachin, LLC**
**909 Poydras Street, Suite 1600**
**New Orleans, LA 70112**
**(504) 680-6050**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **GBB Properties Two, LLC**
    **DBR Properties, LLC**

**GREMILLION, Judge.**

Plaintiffs, GBB Properties Two, LLC and DBR Properties, LLC (GBB and DBR), appeal the trial court's judgment granting the defendant's, Stirling Properties, LLC, exception of no cause of action. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves complex commercial developments relating to a mixed-use retail center known as "Ambassador Town Center" (Town Center) in Lafayette, Louisiana. The construction of the retail center involved extensive public infrastructure improvements relating to roads, sidewalks, streetlights, traffic signals, street modifications, drainage improvements, and public utilities. There are multiple parties to various contracts and a PILOT (payment in lieu of taxes) agreement.

In May 2016, GBB and DBR filed suit against Stirling, CBL Associates Management, Inc., and Ambassador Infrastructure, LLC. It alleged breach of contract by Stirling and Ambassador Infrastructure "an entity created by Stirling and/or CBL," including 1) negligent misrepresentation, 2) breach of fiduciary duty, 3) breach of contract due to substandard construction, 4) property damage, and 5) requested an accounting of the PILOT funds. Ambassador Infrastructure filed an answer and reconventional demand in June 2016. In July 2016, Stirling and CBL filed peremptory exceptions of no cause of action and a dilatory exception of vagueness arguing, essentially, that the PILOT agreement GBR and DBR entered into was with Ambassador Infrastructure, and "Plaintiffs have not alleged facts to suggest that [Ambassador] Infrastructure's corporate veil should be pierced." Attached to its pleading was the "PILOT REIMBURSEMENT AGREEMENT," a

ten-page document signed by representatives of Ambassador Infrastructure, L.L.C. and Ambassador Town Center JV, L.L.C. with subheadings for each as follows:

> By: CBL Ambassador Member, LLC, a Louisiana limited liability company, its managing Member
>
> By: CBL & Associates Limited Partnership, a Delaware limited partnership, its Chief Manager
>
> By CBL Holdings I, Inc., a Delaware corporation, its sole general partner

Both were signed by Farzana K. Mitchell, Executive Vice President and Chief Financial Officer.

In August 2016, GBB and DBR filed a motion for leave to file an amended petition, which was granted. In their amended petition, they added as a defendant Four Magnolias, LLC, stating that it is "owned and/or controlled by Stirling and is located in and operated from Stirling's corporate office." It also added Ambassador Town Center JV, LLC stating that it is "owned and controlled by Stirling and its joint venture partner, CBL & Associates Property, Inc." GBB and DBR further stated that Town Center "is operated from Stirling's corporate office." Finally, GBB and DBR urged that Ambassador Infrastructure is owned and/or controlled by Stirling, that is has no existence separate from Stirling, and that together they "constitute a single business enterprise and/or Infrastructure is the alter ego or instrumentality of Stirling."

The amended petition then went on to describe, in more than twenty pages, the nature of the relationship between Stirling and GBB/DBR and the agreements pertaining to the PILOT program. In essence, GBB and DBR claim that Stirling failed to construct the public utility improvements it agreed to in the original purchase agreement, instead using PILOT monies to fully develop its tract of land while neglecting the GBB/DBR land.

2

The thirty-eight-page amended petition contained the following allegations:

COUNT I: Declaratory Judgment (Against Stirling and Infrastructure)

COUNT 2: Breach of Purchase Agreement and Guaranty (Against Four Magnolias, Town Center, and Stirling)

COUNT 3: Breach of Reimbursement Agreement (Against Stirling and Infrastructure)

COUNT 4: Intentional and/or negligent misrepresentation (Against Stirling)

COUNT 5: Conversion (Against Stirling and Infrastructure)

COUNT 6: Detrimental Reliance (Against Stirling and Infrastructure)

COUNT 7: Unjust Enrichment (Against Stirling and Town Center)

GBB and DBR entered into a Purchase Agreement with Four Magnolias to sell at least forty-one acres of the master tract of land. Stirling executed a "Guaranty of Buyer's Performance," guaranteeing the performance of the obligations "under the terms of the Purchase Agreement." Stirling further agreed to be "jointly and severally liable with Buyer" for all obligations of the Purchase Agreement. The development plans outlined that GBB and DBR would give Four Magnolias up to a $1.4 million infrastructure credit against the purchase price. Stirling then proposed to GBB and DBR that the infrastructure improvements could be accomplished through a PILOT program, to which GBB an DBR agreed.

Regarding its claim that Stirling and Ambassador Infrastructure are a single business enterprise, GBB and DBR state in their first amended and supplemental verified petition:

166.

On information and belief, Infrastructure has no assets or existence separate and apart from Stirling and is wholly owned, controlled, funded and/or financed by Stirling. Infrastructure conducts no business except that given to it by Stirling.

3

167.

For, example, throughout the course of the events at issue in this litigation, Plaintiffs have always dealt with Stirling and Stirling employees. On information and belief, Infrastructure has no employees of its own. Rather, at all times, officers, directors, managers or employees of Stirling wholly direct the activities of Infrastructure and performed Infrastructure's obligations, particularly Infrastructure's obligations under the Reimbursement Agreement.

168.

Additionally, Infrastructure has no physical offices of its own and is operated from Stirling's Covington office. In fact, Infrastructure's registered address with the Secretary of State is listed as "c/o" Stirling.

169.

Further, communication to Plaintiffs regarding Infrastructure's obligations under the Reimbursement Agreement were sent from Stirling's offices, by Stirling's employees, on Stirling's letterhead.

170.

Further, [a contracting company] represented that Stirling was the party making the decisions concerning the design, construction, and funding for the public infrastructure improvements.

171.

Accordingly, Infrastructure's separate organizational identity should be disregarded and Stirling should be found to be liable for all obligations and breaches of Infrastructure.

GBB and DBR further requested a declaratory judgment as to whether Stirling and Ambassador Infrastructure are a single business enterprise and/or Ambassador Infrastructure is the alter ego of Stirling and whether the organizational form of Ambassador Infrastructure should be disregarded and Stirling should be held liable for all obligations and breaches of Ambassador Infrastructure.

4

As Defendants-in-reconvention, GBB and DBR filed a peremptory exception of no cause action in response to the reconventional demand filed by Ambassador Infrastructure. In September 2016, GBB and DBR dismissed CBL & Associates Management, Inc. Stirling filed a supplemental memorandum in support of its exceptions of no cause of action, prescription, and vagueness. Four Magnolias and Town Center filed answers.

Following an October 2016 hearing, the trial court, in a minute entry, granted Stirling's exception of no cause of action, finding:

> All parties referred to the Pilot Reimbursement Agreement (Exhibit B). An examination of the PILOT Reimbursement Agreement, clearly names the parties bound by that agreement, namely: Ambassador Infrastructure, Ambassador Town Center, GBB Properties and [DBR] Properties. There are no facts admissible under the allegations of Plaintiff's [sic] petition which establishes that Plaintiffs, GBB/DBR [sic] have a cause of action against the defendants, Striling [sic], since Plaintiffs had no privity of contract with Stirling. Additionally, the court does not find that Stirling controlled the actions of Ambassador Infrastructure. Nor, is there a finding that plaintiffs have sufficiently alleged facts which might suggest that Infrastructure's corporate veil should be pierced. The law does not afford a remedy to plaintiff because there is lack of privity of contract, hence no breach of contract.

GBB and DBR filed a notice of intention to apply for supervisory writs on the trial court's minute entry. Judgment was rendered on December 22, 2016. Numerous other pleadings were filed subsequently, but they are unrelated to the issue before us.[1] In January 2017, GBB and DBR filed a motion for appeal relating to the December 22, 2016 judgment. In docket number 16-1063, we denied Stirling's motion to dismiss its supervisory writ and granted GBB and DBR's writ for the limited purpose of ordering the consolidation of the writ application with the appeal in docket number 17-352.

---

[1] Finding no error in the trial court's ruling, we have already denied the supervisory writ filed by GBB and DBR contesting the trial court's minute entry in February 2017, and subsequent March 2017 judgment denying their exception of no cause of action against Town Center. *See GBB Props. Two, LLC v. Stirling Props., LLC*, 17-384 (La.App. 3 Cir. 7/5/17). __ So.3d __.

## ASSIGNMENTS OF ERROR

GBB and DBR assign as error:

1. The trial court erred in granting Stirling's exception of no cause of action and dismissing Counts I, III, IV, and V with prejudice.

2. The trial court erred in *sua sponte* dismissing Counts II, VI, and VII with prejudice.

3. The trial court erred in failing to afford GBB and DBR an opportunity to amend their pleading to cure any deficiencies.

## DISCUSSION

On appeal, we review the trial court's grant of an exception of no cause of action using the de novo standard of review. *ERA Helicopters, LLC v. Amegin*, 15-753 (La.App. 3 Cir. 12/9/15), 181 So.3d 241.

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter*, 577 So.2d 120 La.App. 1 Cir.), *writ denied*, 582 So.2d 1311 (La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984). . . .

> Generally, under LA.CODE CIV.P. art. 931 parties may introduce no evidence to support or controvert the exception. *See, e.g.*, *Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, *writ denied*, 97-1066 (La.6/13/97), 695 So.2d 982. . . .

> An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. *Board of Comm'rs of Orleans Levee Dist.*, 640 So.2d at 237. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the

6

plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*City of New Orleans v. Bd. of Dir. of Louisiana State Museum*, 98-1170, pp. 9-10 (La.3/2/99), 739 So.2d 748, 755–56.

*Sun Coast Contracting Servs., Inc. v. Dien's Auto Salvage, Inc.*, 14-307, pp.1-2 (La.App. 3 Cir. 10/1/14), 148 So.3d 964, 966-67, *writ denied*, 14-2432 (La. 2/13/15), 159 So.3d 465.

***Single Business Enterprise Doctrine***

In *Dishon v. Ponthie*, 05-659, p.5 (La.App. 3 Cir. 12/30/05), 918 So.2d 1132, 1135, *writ denied*, 06-599 (La. 5/5/06), 927 So.2d 317, (quoting *Green v. Champion Ins. Co.*, 577 So.2d 249, 257 (La.App. 1 Cir.), *writ denied*, 580 So.2d 668 (La.1991)), we discussed the single-business-entity exception, which allows for the piercing of the corporate veil in order to find that one corporation is deemed responsible for the liabilities of another because the corporation is found to be the "'alter ego, agent, tool or instrumentality of another corporation.'" *See also Interstate Battery Sys. of Am., Inc. v. Kountz*, 11-636 (La.App. 3 Cir. 11/2/11), 78 So.3d 200.

> [T]he legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it merely an instrumentality or adjunct of another corporation. If one corporation is wholly under the control of another, the fact that it is a separate entity does not relieve the latter from liability. . . .When corporations represent precisely the same single interest, the court is free to disregard their separate corporate identity.

*Green*, 577 So.2d at 257 (citation omitted).

In determining whether the single-business-entity exception should be applied to a group of entities, the following factors are examined:

1)      corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;

2)      common directors or officers;

3)      unified administrative control of corporations whose business function are similar or supplementary;

4)      directors and officers of one corporation act independently in the interest of that corporation;

5)      corporation financing another corporation;

6)      inadequate capitalization ("thin incorporation");

7)      corporation causing the incorporation of another affiliated corporation;

8)      corporation paying the salaries and other expenses or losses of another corporation;

9)      receiving no business other than that given to it by its affiliated corporations;

10)     corporation using the property of another corporation as its own;

11)     noncompliance with corporate formalities;

12)     common employees;

13)     services rendered by the employees of one corporation on behalf of another corporation;

14)     common offices;

15)     centralized accounting;

16)     undocumented transfers of funds between corporations;

17)     unclear allocation of profits and losses between corporations; and

18)     excessive fragmentation of a single enterprise into separate corporations.

> [*Green*] at 257-258. In summing up, the first circuit stated that "[t]hese factors are similar to factors that have been used in Louisiana 'piercing the veil' cases. This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of 'single business enterprise.'" *Id.* at 258 (citations omitted).

*Dishon*, 918 So.2d at 1135-36.

In *Che v. First Assembly of God*, 50,360 (La.App. 2 Cir. 1/13/16), 185 So.3d 125, 134 (citations omitted), the court stated:

> The single-business-enterprise doctrine is a theory for imposing liability where two or more business entities act as one. Generally, under this doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose.

> Whether two or more entities comprise a single-business enterprise is a factual determination to be decided by the tier of fact which is subject to the manifest error standard of review.

Defendants heavily rely on *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888, for the proposition that the single-business-enterprise theory has been abolished via legislation. We do not agree. *Ogea* involved the imposition of personal liability on the member of an LLC. The supreme court, relying on La.R.S. 12:1320, discussed the exceptions to the general rule regarding the imposition of personal liability on LLC members. This case is inapplicable to the facts at hand. GBB and DBR make no allegations that the any of the members of the assorted LLCs should be personally liable.

Based on the original petition and first amended petition, we find that GBB and DBR have sufficiently pled facts which state a cause of action under the single-business-entity theory relating to their claims against Sterling. GBB and DBR pled that Stirling entered into a contract of guaranty relating to the purchasers of the GBB/DBR property. They further alleged sufficient facts, when accepted as true, that suggest a single business enterprise exists amongst Stirling, Ambassador

Infrastructure, Four Magnolias, and Town Center JV. We note that we make no finding that these companies operate as a single business enterprise; rather, the grant of the no cause of action in favor of Stirling was inappropriate based on the pleadings in the record which do not indicate an "insurmountable bar to relief." Accordingly, the trial court erred in its dismissal of counts I, III, IV, and V.

***Trial Court's Dismissal of Counts II, VI, and VII***

Based on our above finding and the fact that Stirling asserted no objections to counts II, VI, and VII, we find these claims were improperly dismissed by the trial court. Assignment of error three is rendered moot by our findings here.

## CONCULSION

The trial court's judgment granting Stirling Properties, LLC's, no cause of action, is reversed. All costs of this appeal are assessed to Stirling Properties, LLC.

**REVERSED.**