885 So.2d 1179 (2004)
QUALITY GAS PRODUCTS, INC.
v.
BANK ONE CORPORATION, Jane Dean and William H. Dean.
No. 2003 CA 1859.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Richmond C. Odom, Baton Rouge, for Plaintiff-Appellant Quality Gas Products, Inc.
James Boren, Baton Rouge, for Defendant-Appellee Jane Dean.
William H. Dean, Baton Rouge, Defendant-Appellee in Proper Person.
Robert W. Barton, Baton Rouge, for Defendant-Appellee Bank One, N.A.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
In this case, plaintiff, Quality Gas Products, Inc. ("Quality"), appeals a judgment rendered by the trial court in favor of *1180 defendant, Bank One, N.A.[1] ("Bank One"), sustaining Bank One's peremptory exception raising the objection of prescription. For the following reasons, we affirm the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
On November 2, 2001, Quality filed the instant suit against defendants, Bank One, Jane Dean, and William H. Dean, alleging conversion (as set forth in La. R.S. 10:3-420) of numerous checks made payable to Quality. According to Quality's petition, Mrs. Dean was hired in 1992 as its propane sales manager. Mrs. Dean's duties included collecting accounts receivable, opening mall, processing payments, making deposits, and reconciling customer accounts. At some point during her employment with Quality, Mrs. Dean began taking checks made payable to and received by Quality and depositing them into a joint account owned by her and her husband, William H. Dean. As alleged by Quality, this activity by Mrs. Dean took place over the five years prior to her termination on February 28, 2001, and amounted to over $730,000.00.
Following Initial discovery, Bank One filed a peremptory exception raising the objection of prescription. Noting the one-year prescriptive period set forth in La. R.S. 10:3-420, Bank One argued that any claims brought by Quality that arose from alleged conversions occurring more than one year prior to suit being filed were prescribed and should be dismissed. The matter proceeded to hearing before the trial court on April 28, 2003, at which time the court received evidence into the record and heard argument from counsel for both sides. After considering the evidence and the applicable law, the trial court sustained Bank One's exception and dismissed, with prejudice, all claims brought by Quality against Bank One based on thefts or conversions alleged to have occurred prior to November 2, 2000. The trial court signed a judgment in accordance with its findings on May 5, 2003.

ISSUE ON APPEAL
It is from this judgment that Quality has appealed, arguing that the trial court erred in sustaining Bank One's exception raising the objection of prescription. Quality asserts this case is clearly distinguishable from Daube v. Bruno, 493 So.2d 606 (La.1986), the case heavily relied on by Bank One in its argument that Quality's claim was prescribed and cited by the trial court in its oral reasons for judgment. Noting that Daube involved an action on a forged indorsement subject to a one-year prescriptive period as set forth in La. Civ.Code art. 3492,[2] Quality asserts that Mrs. Dean's indorsement of the checks in question with "For Deposit" followed by the number of the account into which the checks are to be deposited does not constitute a forged indorsement and, thus, Daube does not apply. Rather, Quality maintains, this is an action on a negotiable instrument and is subject to a five-year liberative prescriptive period as set forth in La. Civ.Code art. 3498.[3]
*1181 Bank One counters, noting, "[t]he flaw in [Quality's] argument is that the one year prescriptive period applies here not because the case involves forgeries, but rather because it involves conversions." (Emphasis in original.) Citing Daube as support for its position, Bank One asserts that because Quality has explicitly pled acts of conversion, La. R.S. 10:3-420(f) mandates a one-year liberative prescriptive period. Thus, Bank One contends, the trial court was correct in sustaining the exception and dismissing all claims by Quality that occurred prior to November 2, 2000. Although we find the facts and circumstances herein to be distinguishable from the facts of Daube, we agree with Bank One's position that the conversion claims as alleged by Quality are subject to a one-year liberative prescriptive period.

DISCUSSION
Generally, the party pleading prescription has the burden of proving the facts supporting the exception. However, where a plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Iverstine v. Albemarle Corp., 2002-2555, p. 7 (La.App. 1 Cir. 7/2/03), 852 So.2d 492, 497, writ denied, 2003-2583 (La.12/12/03), 860 So.2d 1154. Moreover, it is well settled under Louisiana law that the allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Griffin v. BSFI Western E & P, Inc., 2000-2122, p. 8 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 733.
In the instant case, Quality's suit specifically asserts a cause of action against defendants for conversion pursuant to La. R.S. 10:3-420. This statute is a modification of former La. R.S. 10:3-419[4] and provides, in pertinent part, as follows:
(a) An instrument is converted when
(i) a drawee to whom it is delivered for acceptance refuses to return it on demand; or
(ii) any person to whom it is delivered for payment refuses on demand either to pay or to return it; or
(iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.
....
(f) Any action for conversion ... prescribes in one year.
Thus, based on the allegations of Quality's petition and the clear language of La. R.S. 10:3-420(f), the applicable prescriptive period in the instant case is one year.
As previously indicated, Bank One cited the Louisiana Supreme Court's decision in Daube in its argument to the trial court concerning the prescription issue. In Daube, the plaintiff was the payee of checks made by his employer. A third party forged the payee's indorsement on the checks and deposited them to her own account. The plaintiff sued the forger, the payor bank, and the collecting bank under former La. R.S. 10:3-419(1). The issue on appeal was whether the plaintiff's action prescribed in one year as a delictual action under Article 3492 or in five years as an action on a negotiable instrument under Article 3498. The court held that an action by a "true owner" and payee of a check against the payor for payment on a forged indorsement is a tort action, subject *1182 to a one-year liberative prescriptive period.
[W]e conclude that La.R.S. 10:3-419(1) authorizes a delictual action when a person pays an instrument on a forged indorsement for which he may be held liable to the true owner. This action is similar in nature to an action by one who has been dispossessed of a movable as a result of an offense or quasi-offense which is an action under the law of delictual obligations. The action is based on the fault of the defendant, and includes fact patterns such as those that are set forth in La.R.S. 10:3-419(1), and may be directed to the recovery of the movable with damages for the injury plaintiff sustained or for damages only when plaintiff has no longer an interest in the recovery of the movable.
As stated above, La.R.S. 10:3-419(1) authorizes a delictual action. It does not, in addition to this delictual action, authorize an action on the instrument. Louisiana follows the model of the Uniform Commercial Code which only provides a tort remedy for an action brought under section 3-419(1)(c). Contractual, warranty and other remedies are provided under different sections. See for example La.R.S. 10:3-413 to 414 (contract), 10:3-417 (warranty). There is no evidence of any legislative intent to depart from this strategic deployment of remedies.
Under the facts alleged by the plaintiff, we conclude that he had but one action, a delictual action against [the payor bank] for the payment of the instruments on the forged indorsements. Because delictual actions are subject to a one year liberative prescription, which expired before suit was filed, the trial court correctly sustained the exception of prescription.
Daube, 493 So.2d at 609-610 (citations omitted).
While the factual scenario currently before us does not involve a forged indorsement, as was the case in Daube, we find the court's reasoning therein to be persuasive. Mrs. Dean's actions in this case clearly constitute a conversion as set forth in La. R.S. 10:3-420(a)(iii). As with the action in Daube filed under the former La. R.S. 10:3-419(1), the conversion action filed herein pursuant to La. R.S. 10:3-420 is a delictual action subject to a one-year prescriptive period as mandated by La. R.S. 10:3-420(f) and La. Civ.Code art. 3492. The applicable statute does not authorize a separate action on the instrument. Thus, there is no merit to Quality's argument that its claims against Bank One are subject to a five-year prescriptive period. Accordingly, the trial court's judgment sustaining Bank One's exception raising the objection of prescription and dismissing, with prejudice, all claims brought by Quality against Bank One based on conversions alleged to have occurred prior to November 2, 2000, is affirmed.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court. All costs associated with this appeal are assessed against plaintiff-appellant, Quality Gas Products, Inc.
AFFIRMED.
NOTES
[1] Quality's original petition for damages named "Bank One Corporation" as a defendant. However, in a subsequent amending and supplemental petition, "Bank One, N.A." was substituted as the proper party defendant.
[2] Louisiana Civil Code article 3492 provides for a one-year liberative prescriptive period for delictual actions that begins to run from the day the injury or damage is sustained.
[3] The prescriptive period for actions on negotiable instruments is set forth in La. Civ.Code art. 3498 as follows: "Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible."
[4] Prior to its amendment by La. Acts 1992, No. 1133 § 3, effective January 1, 1994, La. R.S. 10:3-419(1) provided that "when a person pays an instrument on a forged indorsement, he is liable to the true owner."