## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2022 CA 0182

MARGARET S. CHOUEST

VERSUS

EDISON CHOUEST OFFSHORE, INC., MR. AND MRS. EDISON S.
CHOUEST, SR., GARY J. CHOUEST, LANEY J. CHOUEST, EDISON S.
CHOUEST, JR.. KELLIE C. DUET AND KIRT E. CHOUEST

Judgment rendered **APR 1 2 2023**

* * * * *

On Appeal from the
Seventeenth Judicial District Court
Parish of Lafourche
State of Louisiana
No. 100906
Honorable John E. LeBlanc, Judge Presiding

* * * * *

Briton J. Myer
James R. Clary, Jr.
Christopher S. Suba
Baton Rouge, LA
W. Patrick Klotz
New Orleans, LA

Attorneys for Appellant
Margaret S. Chouest

Jerald P. Block
Sarah M. Lambert
Thibodaux, LA

Attorneys for Appellee
Edison S. Chouest, Jr.

Todd M. Magee
Christopher H. Riviere
Thibodaux LA
Thomas Kent Morrison
Taylor. M. Bologna
Kellie C. Duet
Taylor M. Bologna
New Orleans, LA

Attorneys for Appellees
Edison Chouest Offshore, Inc.,
Mr. and Mrs. Edison S. Chouest, Sr.,
Gary J. Chouest, Laney J. Chouest,
Kellie C. Duet, and Kirt E. Chouest

* * * * *

**BEFORE: McCLENDON, CHUTZ, PENZATO, HOLDRIDGE, AND
GREENE, JJ.**

**HOLDRIDGE, J.**

Plaintiff, Margaret S. Chouest, appeals a judgment of the trial court granting the defendants' peremptory exceptions raising the objection of prescription. We affirm in part, reverse in part, and remand.

**BACKGROUND**

Plaintiff married Edison S. Chouest, Jr. (Edison) in 1985. The two divorced in 1996, and in 1998, they executed a community property settlement agreement (CPSA). On March 9, 2005, plaintiff filed the instant lawsuit against Edison Edison Chouest Offshore, Inc. (ECO), Mr. & Mrs. Edison S. Chouest, Sr., Gary Chouest, Jr., Laney J. Chouest, Kellie Chouest Duet, and Kirt E. Chouest (sometimes collectively referred to as "defendants"), seeking damages based on the defendants' alleged fraudulent scheme to deprive her of her interest in ECO, a closely held family corporation. Plaintiff alleged that unbeknownst to her, defendants conspired to deprive the community's interest in ECO through deceit, fraud, trickery, coercion, and other conduct to make it appear that the community had no interest or reduced percentage of ownership in ECO, or to make it appear that Edison had sold his interest in ECO, when in fact he had not. Plaintiff alleged that she first learned of the fraud on March 10, 2004.

It is undisputed that the alleged fraud serving as the basis for this lawsuit occurred in January of 1996, when Edison transferred all of his shares of stock in ECO to two of the defendants, his children from a former marriage. On November 25, 2020, Edison filed a peremptory exception raising the objection of prescription, while the remaining defendants filed a prescription objection on November 6, 2020, and an amended prescription objection on December 14, 2020. In their peremptory exceptions, defendants urged that plaintiff's fraud claims are governed by the one-year prescriptive period provided for in Louisiana Civil Code article

2

3492, which began to run from the date plaintiff knew or reasonably should have known of the underlying facts that gave rise to the cause of action.

In support of their claim that plaintiff had knowledge of all of the pertinent facts supporting her fraud claim against them more than one year prior to filing the 2005 fraud lawsuit, defendants principally relied on a lawsuit plaintiff filed on May 14, 2003, against Edison seeking to rescind the CPSA. In the 2003 rescission lawsuit, plaintiff alleged that Edison undervalued and/or concealed relevant facts concerning the assets of ECO during negotiations and discussions leading up to the signing of the CPSA, that such concealment caused her to enter into the CPSA with Edison, and as a result, she received a disproportionate share of community assets. Defendants urged that the filing of the 2003 lawsuit did not interrupt prescription on the 2005 fraud lawsuit because plaintiff failed to prosecute that lawsuit, which was dismissed as abandoned on June 11, 2018. Defendants argued that the allegations of the 2003 lawsuit demonstrated that plaintiff had sufficient knowledge of the alleged fraudulent acts serving as the basis for the instant lawsuit prior to the date on which she filed the rescission lawsuit. Thus, they maintained that prescription for any fraud claims plaintiff may have had against them arising out of the ECO stock transfer commenced to run at the latest on the date the rescission lawsuit was filed, May 14, 2003, and prescribed one year thereafter on May 14, 2004, making the instant lawsuit filed on March 9, 2005, untimely.

A hearing was held on the exceptions, during which evidence was introduced in support of and in opposition to the prescription objections. Following the parties' arguments, the trial court made a legal determination that plaintiff's fraud lawsuit was a delictual action subject to a liberative prescriptive period of one year. The trial court then made a factual determination that the evidence demonstrated that plaintiff had knowledge of the actions for which she

3

filed the fraud lawsuit when she filed the lawsuit to rescind the CPSA in 2003, more than one year prior to the filing of the fraud lawsuit. Therefore, the court concluded that the claims of fraud raised in the instant lawsuit against Edison and the other defendants were prescribed.

On April 26, 2021, the trial court rendered judgment maintaining the prescription objections filed by Edison and the remaining defendants and dismissed plaintiff's claims against them with prejudice. Thereafter, plaintiff filed a motion for a new trial. In her motion, plaintiff asserted that the trial court erred as a matter of law in applying the incorrect prescriptive period to her fraud claims. Further, she claimed that the trial court erred in finding she had knowledge of her fraud claims against ECO and Edison's family members at the time she filed the wholly separate action against Edison to rescind the CPSA in 2003. Additionally, plaintiff urged that the ruling is contrary to law and evidence because the court did not allow her the opportunity to amend her petition following the granting of the defendants' peremptory exceptions as required by La. Code Civ. P. art. 934.

In opposition, the defendants argued that the trial court's ruling was not contrary to the law and evidence and they opposed plaintiff's demand that she be allowed to amend her petition. In response, plaintiff submitted memoranda asserting additional grounds supporting her motion for new trial that did not require a reversal of the trial court's knowledge ruling. First, citing La. Code Civ. P. art. 2369.3, she argued that her claims against the defendants are subject to a ten-year prescriptive period applicable to claims against a fiduciary. She submitted that by alienating the ECO stock to ensure she would not receive her one-half interest therein in 1996, Edison breached his fiduciary duty to properly manage the former community property stock immediately prior to the termination of the community property regime. She further submitted that whether Edison's other

4

family members owed her a fiduciary duty was irrelevant to the application of the ten-year prescriptive period because they are liable in solido to her with Edison as a result of their participation in the conspiracy and fraudulent transfer. Thus, plaintiff submitted, because the ten-year prescriptive period for claims against a fiduciary applied to her claims against Edison, it also applies to ECO and his defendant family members who acted in concert with him.

Secondly, plaintiff argued that the trial court erred in dismissing all of her claims against defendants because it failed to consider the claims of a sham sale or a simulated sale tied to the fraud of defendants as set forth in her petition. According to plaintiff, those simulation claims are imprescriptible under La. Civ. Code art. 2032, which provides that an action for annulment of an absolutely null contract does not prescribe.

In opposition to the motion for new trial, defendants opposed plaintiff's assertion that the 1996 sale of ECO stock was a simulation. In his opposition, Edison offered documentary evidence and his affidavit in which he attested that he was paid in full for the stock by his children. The other defendants pointed to evidence submitted by plaintiff in connection with the prescription objections which they claimed proved that Edison was paid for the 1996 stock sale. Defendants asked the court to deny plaintiff's request to amend her petition to assert a simulation claim because Edison's children paid for the stock, and therefore, as a matter of law, there could be no simulation. Edison asked the court to deny the plaintiff the opportunity to amend her petition to assert a cause of action against him for breach of fiduciary duty, insisting that under Louisiana law, he did not owe a fiduciary duty to plaintiff. Edison urged that no matter how plaintiff attempted to frame her additional claims against defendants, she only asserted a cause of action for fraud in her petition and all of plaintiff's new claims

5

arise out of the alleged fraud. Thus, Edison posited, plaintiff's last-minute attempt to insert additional arguments and additional causes of action simply came too late in the litigation.

A hearing on the motion for new trial was held, during which the trial court determined that plaintiff's petition stated a cause of action for simulation. However, the court ruled that there was documentary evidence before the court demonstrating that consideration had been paid for the 1996 stock sale, and therefore, there could be no simulation; thus, there was no need for a trial on plaintiff's simulation claim. The court further found that plaintiff's fiduciary duty theory did not apply to the case. The trial court maintained the prescription objection and denied plaintiff's motion for a new trial. A judgment denying the motion for new trial was signed by the trial court on October 5, 2021.

Plaintiff appealed both the April 26, 2021 judgment maintaining defendants' prescription objections and the October 5, 2021 judgment denying her motion for a new trial. In her brief, plaintiff contends that the trial court committed reversible error as follows:

(1) In finding that a one-year prescriptive period for delictual actions applied to her fraud claims against defendants rather than the applicable prescriptive period of ten years provided by La. Civ. Code art. 3499.

(2) In dismissing her simulation claims related to the purported January 1, 1996 stock sale, which are imprescriptible pursuant to La. Civ. Code art. 2032; because the fraud claims and the imprescriptible simulation claims are mutually exclusive, the trial court further erred by dismissing the fraud claims regardless of the applicable prescriptive period or when prescription began to accrue on the fraud claims.

(3) In finding that she had knowledge, constructive or otherwise, of her claims asserted against defendants in this suit sufficient to start the running of prescription at the time she filed her separate rescission suit on May 14, 2003, asserting unrelated claims.

(4) In placing the burden on her to establish that her claims had not prescribed, even though they were not prescribed on the face of the

6

petition, and further, in finding that defendants met their burden of establishing that prescription began to run on her claims on May 14, 2003, the date on which she filed her separate rescission suit against her husband.

(5) In refusing to allow her an opportunity to amend her petition to remove the grounds of the objection pleaded by the peremptory exception raising the objection of prescription as provided in La. Code Civ. P. art. 934.

(6) In finding the doctrine of *contra non valentem* did not apply to prevent the running of prescription on her claims, regardless of the prescriptive period applied to the fraud claims.

(7) By casting her with over sixteen years of court costs in the April 26, 2021 judgment on the defendants' prescription objections.[1]

(8) In failing to grant her motion for new trial on the prescription objections on the grounds that the ruling was clearly contrary to the law and evidence presented.

## DISCUSSION

Appellate review applicable to a peremptory exception depends on the manner in which it is heard. When, as here, evidence is received on the exception by the trial court, an appellate court reviews the trial court's factual findings, such as the date on which prescription commences to run, under the manifest error-clearly wrong standard of review. See **McKenzie v. Imperial Fire and Casualty Insurance Company**, 2012-1648 (La. App. 1st Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 2013-2066 (La. 12/6/13), 129 So.3d 534. In applying the manifest error-clearly wrong standard of review, the appellate court does not decide whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. **Clifford v. OLOL Regional Medical Center**, 2018-1483 (La. App. 1st Cir. 5/31/19), 277 So.3d 1210, 1213. Thus, if the fact-finder's conclusion is reasonable in light of the record in its entirety, an appellate court may not

---

[1] Because we decide, *infra*, that plaintiff should be allowed to amend her petition to remove the grounds of the objection pleaded by the peremptory exception, and we remand the matter to the trial court for that purpose, we pretermit discussion of the propriety of the trial court's cost assessment.

7

reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.; **Rando v. Anco Insulations, Inc.,** 2008-1163, 2008-1169 (La. 5/22/09), 16 So.3d 1065, 1082. However, the issue of the prescriptive period applicable to the plaintiff's claim involves a question of law, and is reviewed by an appellate court *de novo*, without deference to the trial court's legal conclusions. **McKenzie,** 122 So.3d at 46.

Applicable Prescriptive Period

There is no prescription other than that established by legislation. La. Civ. Code art. 3457. The Louisiana Civil Code provides for three forms of prescription: liberative, acquisitive, and prescription of non-use. La. Civ. Code art. 3445; **Taranto v. Louisiana Citizens Property Insurance Corporation,** 2010-0105 (La. 3/15/11), 62 So.3d 721, 726. Statutes providing for prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. **Taranto,** 62 So.3d at 726. Where, as here, the petition is not prescribed on its face, the mover bears the burden of proving prescription. Id.

At issue in this case is the applicable liberative prescriptive period. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ. Code art. 3447. All personal actions are subject to a liberative prescription period of ten years, unless otherwise provided for by law. La. Civ. Code art. 3499. Delictual actions are subject to a liberative prescription of one year. La. Civ. Code art. 3492. With respect to a cause of action for fraud, the Civil Code provides for two possible prescriptive periods: the one-year prescriptive period found in La. Civ. Code art. 3492, and the ten-year prescriptive period provided for in La. Civ. Code art. 3499. **CamSoft Data Systems, Inc. v Southern Electronics Supply Inc.,** 2019-0730 (La. App. 1st Cir. 7/2/19), 2019 WL 2865138 *19 (unpublished opinion), writs denied, 2019-01232 (La. 11/19/19),

282 So.3d 1069, 2019-01436 (La. 11/19/19), 282 So.3d 1070, 2019-01349 (La. 11/19/19), 282 So.3d 1073.

The allegations of the plaintiff's prayer and petition must be examined in order to determine the true nature of the action and the applicable prescriptive period. **DePhillips v. Hospital Service District No. 1 of Tangipahoa Parish**, 2019-01496 (La. 7/9/20), 340 So.3d 817, 822; **Quality Gas Products, Inc. v. Bank One Corporation**, 2003-1859 (La. App. 1st Cir. 6/25/04), 885 So.2d 1179, 1181. It is a basic premise of Louisiana law that where an act arises out of the breach of a duty imposed by law, the damages arise ex delicto, and are extinguished by the prescription of one year. **DePhillips**, 885 So.3d at 822. However, where there is a "special obligation" created by contract, by law, or by a special relationship between the parties, the longer prescriptive period of ten years for personal actions may be applicable. **DePhillips**, 340 So.3d at 822; **CamSoft Data Systems, Inc**, 2019 WL 2865138 at *19-20. For instance, a suit for the breach of a fiduciary duty is generally considered a breach of a special obligation, to which the ten-year prescriptive period for personal actions set forth in La. Civ. Code art. 3499 applies. Id. In **CamSoft Data Systems, Inc.**, upon examining the allegations of the petition, this court concluded that the nature of the plaintiff's fraud cause of action was that of a breach of a fiduciary relationship. This court's analysis of the pleadings, in which the plaintiff specifically plead the existence of a fiduciary relationship among the parties, prompted this court to characterize the action as a personal one subject the ten-prescriptive period, rather than a delictual one subject to the one-year prescriptive period. Id., 2019 WL 2865138 at *22.

Fraud is defined in the Civil Code as a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one

9

party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. Fraud may also result from silence or inaction. La. Civ. Code art. 1953. In pleading fraud, the circumstances constituting fraud shall be alleged with particularity. La. Code Civ. P. art. 856. In her petition, plaintiff stated a cause of action for fraud against defendants. Her petition is styled "Petition for Damages Resulting from Fraud." In her petition, plaintiff alleged that defendants conspired to deprive her of her interest in ECO by way of "deceit, fraud, trickery, coercion, and other conduct" to make it appear that the community had no interest or a reduced percentage of ownership in ECO, or to make it appear that her former husband had sold his interest in ECO, when in fact he had not. Plaintiff did not allege the existence of any special duty imposed by contract or law on defendants, nor did she allege that any of the defendants owed her a fiduciary duty. Moreover, plaintiff did not seek rescission or annulment of the alleged fraudulent sale of her former husband's interest in ECO, which may have triggered a different prescriptive period. Instead, she sought to recover damages based on the defendants' participation in the alleged fraudulent ECO stock sale. Based on the allegations of the petition, the trial court properly characterized plaintiff's fraud claim as delictual in nature, to which the one-year prescriptive period for delictual actions applies.

Commencement of Prescription

Prescription on a delictual action commences to run from the date the injury or damage is sustained. La. Civ. Code art. 3492. Prescription commences to run when a plaintiff has actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort. **Campo v. Correa**, 2001-2707 (La. 6/21/02), 828 So.2d 502, 510; **Guillot v. Doughty**, 2013-1348 (La. App. 1st Cir. 3/21/14), 142 So.3d 1034, 1046, writ denied, 2014-0824 (La. 6/13/14), 140

10

So.3d 1192. Constructive notice is whatever notice is enough to excite attention and put the injured party on guard and call for an inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. **Guillot**, 142 So.3d at 1046. When a plaintiff is not aware of the facts giving rise to his or her cause of action against a defendant, prescription is for that reason suspended until the tort victim discovers or should have discovered the facts upon which the cause of action is based. Id.

Plaintiff and Edison were married in 1985. Edison's shares in ECO were acquired from his parents in 1992. At that time, Edison purchased 27.1064 shares of stock from his parents, and three shares were donated to him. Plaintiff and Edison separated in 1995 and on August 20, 1996, they were divorced. The conduct giving rise to plaintiff's claims of fraud against defendants occurred on January 1, 1996, when Edison transferred his shares in ECO to his children from a former marriage. In 1998, plaintiff and Edison settled their community property dispute and executed a CPSA. In that agreement, plaintiff transferred any interest she may have had in all businesses in which Edison owned an interest, including ECO, to Edison.

On May 14, 2003, plaintiff filed a lawsuit against Edison seeking to rescind the CPSA.[2] In the 2003 rescission lawsuit, plaintiff alleged that Edison "concealed and/or undervalued the community assets during discussions and negotiations leading up to the signing of the community property settlement, resulting in petitioner receiving a disproportionate share of the community property assets. ..."

---

[2] The filing of the petition for rescission of the CPSA did not interrupt prescription on plaintiff's fraud cause of action against defendants. Plaintiff failed to prosecute that lawsuit and on June 19, 2018, the trial court signed a judgment dismissing the rescission lawsuit for the failure of either party to take any steps in its prosecution or defense since 2011. As a result, any interruption of prescription resulting from the filing of that lawsuit is considered never to have occurred. See La. Civ. Code arts. 3462 and 3463.

11

She further specifically alleged that Edison "undervalued and/or concealed relevant facts concerning the assets" of ECO.

On March 10, 2004, in connection with the rescission lawsuit, Edison was deposed. During the deposition, Edison testified that he sold his entire interest in ECO to his children because he was told to do so by his father, mother, and brother. According to Edison, he did not have a choice in the matter, and he gathered that his family had him transfer his interest in ECO because they wanted to make sure plaintiff would not have any kind of ownership interest in ECO.

Plaintiff contends that the trial court erred in finding that she had notice of the underlying conduct forming the basis of the fraud lawsuit more than one year before she filed the lawsuit. According to plaintiff, the 1996 transfer of Edison's stock in ECO to his children and the circumstances surrounding that transfer remained hidden from her until 8 years later when Edison was deposed in 2004 and revealed to her for the first time that his family members conspired and planned to defraud her of community interest in ECO by executing a simulated sale of that stock in 1996. Plaintiff maintains that as specifically alleged in her 2005 fraud lawsuit, she first learned of the defendants' fraudulent acts on March 10, 2004, and this fraud lawsuit, filed within one year of that knowledge, is timely.

However, the trial court concluded that the evidence demonstrated that plaintiff had knowledge of the fraud-based conspiracy actions for which she filed the instant lawsuit prior to filing the lawsuit to rescind the CPSA in 2003. In that lawsuit, plaintiff claimed that Edison wrongfully induced her to enter into their CPSA by undervaluing and/or concealing relevant facts concerning ECO. At a minimum, the facts alleged in the rescission lawsuit were sufficient to incite plaintiff's attention to do further investigation into the circumstances surrounding Edison's concealment of facts concerning the value of ECO prior to the filing of

12

the 2003 lawsuit and well before Edison was deposed on March 10, 2004. The trial court's factual determination that prescription commenced to run on plaintiff's cause of action for fraud against defendants at the latest on May 14, 2003, is reasonably supported by the record and may not be disturbed by this court. Therefore, based on the allegations of the petition, the instant lawsuit, filed on March 9, 2005, more than one year from the date on which prescription on plaintiff's fraud cause of action commenced to run, is untimely, and the trial court properly maintained defendants' peremptory exceptions raising the objection of prescription.[3]

Opportunity to Amend Petition

At the outset, we find that the trial court erred in dismissing plaintiff's claim that the 1996 stock sale was a simulated sale on the motion for new trial. While plaintiff asserted a simulation claim in the motion for new trial as a reason for challenging the trial court's prescription ruling, the merits of plaintiff's simulation claim were not before the court on the motion for new trial, making the trial court's dismissal of that claim improper.

Further, the trial court erred in dismissing plaintiff's lawsuit without giving her the opportunity to amend the petition. Louisiana Code of Civil Procedure article 934 provides that when the grounds of a peremptory exception may be removed by amendment of the petition, the judgment maintaining the exception shall order such amendment within the delay allowed by the court. Where the plaintiff has raised allegations in argument which might be sufficient to overcome

---

[3] Because we find no error in the trial court's conclusion that plaintiff had knowledge of the fraud in 2003, we find no merit to plaintiff's claim that the trial court erred in refusing to apply the doctrine of *contra non valentem* to interrupt prescription on her fraud claim against the defendants. Further, because plaintiff's arguments that the trial court should have granted her motion for a new trial are based on the same reasons as those set forth in her brief warranting a reversal of the trial court's prescription ruling, we find no error in the trial court's refusal to grant plaintiff a new trial on the prescription ruling.

13

a peremptory exception of prescription, the plaintiff should be allowed to amend the petition to assert such allegations. **Whitnell v. Menville**, 540 So.2d 304, 309, 311 (La. 1989). Thus, a court may allow amendment of a petition if the new allegations raise the possibility that the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain. Id.

During the course of this litigation, plaintiff has argued that the one-year prescriptive period did not apply to her lawsuit for two reasons. First, she has maintained that the 1996 stock sale was a simulated or sham sale, which is imprescriptible. As distinguished from an action seeking damages for a fraudulent sale, an action to have a simulated sale declared a nullity and set aside does not prescribe. **Scoggins v. Frederick**, 98-1814, 98-1815, 98-1816 (La. App. 1st Cir. 9/24/99), 744 So.2d 676, 681, writ denied, 1999-3557 (La. 3/17/00), 756 So.2d 1141. Although plaintiff may have alleged in her petition that the fraudulent sale was made to appear that Edison had sold his interest in ECO when in fact he had not, she did not seek to have the 1996 stock sale declared an absolute nullity.

Moreover, plaintiff has argued that Edison breached his fiduciary duty to preserve the community stock in ECO by colluding and conspiring with his family members to sell or effectuate a simulated sale of the ECO stock prior to the division of their community property with the specific goal of depriving her of her interest therein. As noted earlier, claims for breach of a fiduciary duty are generally subject to the ten-year prescriptive period for personal actions.

The likelihood of plaintiff's success on the merits of either of these claims is not determinative as to the issue of whether plaintiff should be allowed to amend her petition to allege those claims. Rather, the only issue is whether allowing plaintiff to amend her petition to state these causes of action could have an effect on the prescription issue. See **Whitnell**, 540 So.2d at 309. While the plaintiff has

14

alleged claims of a simulated sale and a breach of fiduciary duty, her petition does not allege specific facts as to either claim. Similarly, claims are made not only against Edison but as to various other defendants. However, no specific facts are alleged as to how the other defendants played a part in the simulated sale or conspiracy to breach a fiduciary duty. Since both claims may have different prescriptive periods than the one-year period afforded to delictual actions, in accordance with La. Code Civ. P. art. 934, we are mandated to permit the plaintiff to amend her petition to cure the prescription objection if she can.[4] Therefore, we find that the trial court erred in dismissing plaintiff's lawsuit without allowing plaintiff the opportunity to amend her petition, and we reverse the dismissal of the petition.

## CONCLUSION

For the foregoing reasons, the trial court's judgment maintaining defendants' peremptory exceptions raising the objection of prescription is affirmed. We reverse the dismissal of the lawsuit and remand the matter to the trial court to afford plaintiff the opportunity to amend her petition in accordance with the procedure provided by La. Code Civ. P. art. 934. All costs of this appeal are assessed to plaintiff, Margaret S. Chouest.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

---

[4] This opinion in no way precludes the defendants from seeking sanctions in the trial court under La. Code Civ. P. art. 863 if the pleadings filed therein do not contain specific facts and are being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. See La. Code Civ. P. art. 863(B)(1).

15

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2022 CA 0182

MARGARET S. CHOUEST

VERSUS

EDISON CHOUEST OFFSHORE, INC., MR. AND MRS. EDISON S. CHOUEST, SR.,
GARY J. CHOUEST, LANEY J. CHOUEST, EDISON S. CHOUEST, JR., KELLIE C.
DUET AND KIRT E. CHOUEST



**GREENE, J., dissenting.**

I disagree with the majority opinion and think the trial court erred in denying Ms. Chouest's motion for new trial and in granting the defendants' exceptions pleading the objection of prescription.

In Louisiana, the circumstances constituting fraud must be alleged with particularity. La. C.C. art. 856. However, technical forms of pleading are not required, and courts are required to construe all pleadings so as to do substantial justice. La. C.C.P. arts. 854 and 865. *See McLin v. HI HO, Inc.*, 13-0036 (La. App. 1 Cir. 6/7/13), 119 So.3d 830, 832, n.2. Further, courts must strictly construe prescription statutes against prescription and in favor of the obligation sought to be extinguished. *Jenkins v. Kauffman*, 21-1596 (La. App. 1 Cir. 7/13/22), 344 So.3d 689, 693. Considering these principles, I think Ms. Chouest's 2005 petition alleges a cause of action for fraud committed during a special relationship (*i.e.*, marriage) against her ex-husband, and as such, under La. C.C. art. 2369.3, her cause of action is subject to ten-year prescription, not to one-year prescription. *See* La. C.C. art. 3499.

Under La. C.C. art. 2369.3, a spouse "has a duty to preserve and to manage prudently former community property under his control in a manner consistent with the mode of use of that property immediately prior to the termination of the community regime." According to a comment under La. C.C. art. 2369.3, breach of this special obligation between spouses is subject to ten-year prescription. La. C.C. art. 2369.3 - Comments -1995, comment (c). In this case, Mr. Chouest's duty to preserve and to

prudently manage the former community property began on November 14, 1995, the date he filed the petition for divorce and upon which the community property regime ended.[1] *See* La. C.C. art. 159.

Strictly construing Ms. Chouest's 2005 petition against prescription and "so as to do substantial justice," I think she has adequately alleged that Mr. Chouest breached the duty he owed her under La. C.C. art. 2369.3 to preserve and prudently manage the former community property, *i.e.*, the community's interest in ECO. And, although Ms. Chouest has not alleged a special relationship with the remaining defendants, I think ten-year prescription also applies to her claims against them, because they allegedly committed fraud with her ex-husband and would be solidarily liable with him. *See* La. C.C. art. 2324(C).

Further, I think Ms. Chouest's allegations also state a cause of action for simulation, which is imprescriptible. *See Scoggins v. Frederick*, 98-1814 (La. App. 1 Cir. 9/24/99), 744 So.2d 676, 681, *writ denied*, 99-3557 (La. 3/17/00), 756 So.2d 1141.

Thus, I think the trial court erred in denying Ms. Chouest's motion for new trial and in granting the defendants' exceptions of prescription. Because I think the petition already adequately alleges causes of action for fraud and simulation, I also see no need to remand this matter for Ms. Chouest to amend her petition. Therefore, I think this court should reverse the judgment granting the defendants' exceptions of prescription and dismissing Ms. Chouest's fraud and simulation claims.

---

[1] Ms. Chouest introduced a copy of the divorce petition at the hearing on her motion for new trial.

2